UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JEFFERSON RODRIGUEZ,                     :
                          Plaintiff,     :
                                        :           11cv0775 (DLC)
             -v-                         :
                                        :           OPINION & ORDER
THE CITY OF NEW YORK, MARTHA E. STARK,   :
DAVID FRANKEL, NANCY GOODMAN, DETECTIVE  :
LEONARD MASTROGIACOMO, in their          :
individual and official capacities,      :
                                        :
                          Defendants.    :
----------------------------------------X

APPEARANCES:

For Plaintiff:
Moshe C. Bobker
Cronin & Byczek, LLP
1983 Marcus Ave., Ste. C-120
Lake Success, NY 11042

For Defendants:
Sarah Evans
Corporation Counsel for the City of New York
100 Church St., Room 2-173
New York, NY 10007

DENISE COTE, District Judge:

    Jefferson Rodriguez ("Rodriguez") brings this action under

42 U.S.C. § 1983 for false arrest against the City of New York

("City") and City employees in their individual and official

capacities.  After giving the parties an opportunity to

supplement their submissions, a motion to dismiss was converted

to a motion for summary judgment pursuant to Rule 12(d), Fed. R.

Civ. P.  For the following reasons, the defendants' motion for
summary judgment is granted.

### BACKGROUND

The complaint ("Complaint") initially brought nine claims
under federal and state law, all but one of which have been
dismissed or withdrawn.  Six claims were dismissed on June 2,
2014.  Two more claims were dismissed in an Opinion issued on
August 20, familiarity with which is assumed.  Rodriguez v. City
of New York, 11cv775 (DLC), 2014 WL 4100604 (S.D.N.Y. Aug. 14,
2014).

On August 27, a previously imposed motion to stay
litigation of the Section 1983 claim was lifted.[1]  The defendants
filed the current motion to dismiss on November 21.  The motion
was fully submitted on December 1.  On February 11, 2015, the
motion to dismiss was converted into a motion for summary
judgment pursuant to Rule 12(d), Fed. R. Civ. P.  The February
11 Order lists facts that appear undisputed based on the
parties' submissions, and directs the parties to provide
admissible evidence to place facts in dispute if required.  The
parties made additional submissions on February 27.  The
evidence considered as part of this summary judgment motion
includes undisputed facts recited in a state court bench trial

---

[1] The stay was imposed on June 25, 2014, pending resolution of
the underlying criminal case in state court.

opinion, and affidavits from Rodriguez, Frank Alesci, and Mark
Rojas.  Frank Alesci and Mark Rojas are both employees of the
Department of Finance.

The following facts are undisputed or taken in the light
most favorable to the plaintiff.  An opinion issued by the
Queens County Supreme Court, Criminal Term on May 31, 2012 ("May
31 Opinion") following a bench trial describes many of these
facts.[2]  The parties do not dispute the essential facts as
described in the May 31 Opinion.  On October 7, 2008, Rodriguez
was injured in an automobile accident while acting within the
scope of his employment with the New York City Department of
Finance, Sheriff's Office.  Rodriguez was put on paid sick leave
from the Sheriff's Office.  After his sick leave ran out,
Rodriguez sought to return to work.  On January 10, 2010, having
been cleared by his physician to return to duty, Rodriguez
reported for work at the Sheriff's Office but was sent home on
the ground that he was required to be cleared for duty by a
doctor chosen by the City.

Rodriguez reported to his place of work on January 19, 20,
21, 22, 26, and 27, 2010, gaining access with a department-
issued key card.[3]  No superior asked Rodriguez to surrender his

---

[2] People v. Rodriguez, 2010QN015435 (N.Y. Sup. Ct. Crim. Term May
31, 2012).

[3] The defendants submitted affidavits from Frank Alesci and Mark

key card.  Rodriguez's supervisor, John Schwartz ("Schwartz"),
advised him each day he came in that he was not authorized to be
on the premises and asked him to leave.

On January 27, Schwartz called Timothy LaRose ("LaRose"),
the Chief of Operations at the New York City Department of
Finance, Sheriff's Office.  LaRose met with New York City police
officers.  He then met with Rodriguez, and ordered him to leave
in the presence of the police officers.  Lieutenant Cook[4] asked
Rodriguez to leave the premises and advised him that failure to
do so would result in his arrest.  Upon his refusal to leave,
Rodriguez was arrested by Officer Raul Osario.  The police
officers knew that Rodriguez was an employee of the Sheriff's
Office.[5]  Upon being advised that he was being placed under
arrest, Rodriguez immediately submitted to the police officers
without incident.  Rodriguez was charged with criminal trespass
and obstruction of governmental administration in the second
degree.

---

Rojas stating that Rodriguez's key card was deactivated on
January 20.  Because this fact is in dispute, this Opinion
assumes that Rodriguez gained entry to the Sherriff's Office
each time he entered using the key card.

[4] The full name of Lieutenant Cook is not provided in the May 31
Opinion.

[5] Plaintiff asserts that the police officers knew he was in
possession of a department-issued key card, but has submitted no
competent evidence to this effect.  Even if the assertion had
been supported by evidence, it would not alter the conclusion
reached here.

Following a bench trial, Rodriguez was convicted of criminal trespass and was acquitted of obstruction of governmental administration.  The Supreme Court of New York, Appellate Term for the Second Department reversed the conviction on February 7, 2014, on the ground that a reasonable, even if mistaken, belief that he had a right to remain on the premises would preclude a conviction for trespass.  People v. Rodriguez, 988 N.Y.S.2d 524, 524 (App. Term 2014).  On August 4, 2014, the New York Court of Appeals denied the City's application for leave to appeal that decision.  People v. Rodriguez, 23 N.Y.3d 1067 (2014).

## DISCUSSION

Summary judgment may not be granted unless the submissions of the parties taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed. R. Civ. P.  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986); Azrielli v. Cohen Law Offices, 21 F.3d 512, 517 (2d Cir. 1994) ("[T]he court must resolve all ambiguities and draw all reasonable inferences in favor of the

nonmoving party.").  When the moving party has asserted facts showing that the nonmovant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of his pleadings.  Rule 56(e), Fed. R. Civ. P.  See also Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).  "[C]onclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment."  Ridinger v. Dow Jones & Co. Inc., 651 F.3d 309, 317 (2d Cir. 2011) (citation omitted).

In analyzing a Section 1983 claim for unconstitutional false arrest, courts generally look to the law of the state in which the arrest occurred.  Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006).  "Under New York law, the existence of probable cause is an absolute defense to a false arrest claim."  Id. at 152.  "An officer has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."  Id. (citation omitted).  It is "not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest."  Id. at 154.  "The existence of probable cause . . .

may be determined as a matter of law to the extent that the issues may be resolved on undisputed facts establishing the pertinent events and the knowledge of the officer at the time of the arrest."  Finigan v. Marshall, 574 F.3d 57, 61 n.2 (2d Cir. 2009).

Rodriguez was arrested for trespass and obstruction of governmental administration in the second degree.  "A person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises."  N.Y. Penal Law § 140.05.  "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so."  Id. § 140.00(5).

The undisputed facts in this case establish as a matter of law that there was probable cause to arrest Rodriguez for trespass, thereby presenting a complete defense to the sole remaining claim in this action.  Rodriguez was ordered to leave the premises by his superior officer in the presence of the arresting officers.  He failed to do so.  These undisputed facts gave the police officers reasonable grounds to believe that Rodriguez had remained unlawfully on the premises when he was not licensed or privileged to do so.

Rodriguez's arguments to the contrary all turn on the fact that Rodriguez had a department-issued keycard and identification, and that his right to be on the premises had not been revoked.  Whether his license or privilege to remain on the

7

premises was actually revoked is irrelevant to the analysis of probable cause.  The only relevant question is whether a police officer, having witnessed Rodriguez being asked to leave by a superior officer, could reasonably conclude that Rodriguez lacked a license to remain on the premises.  As such a belief is reasonable, probable cause existed for Rodriguez's arrest.

Probable cause is an absolute bar to a false arrest claim. Accordingly, summary judgment in favor of the defendants is granted.  Because there was probable cause to arrest Rodriguez for trespass, it is unnecessary to consider whether there was also probable cause to arrest him for obstruction of governmental administration.  Moreover, because no claims remain,[6] disputes regarding the propriety of naming the individual defendants and qualified immunity need not be resolved.

---

[6] The parties dispute whether Rodriguez's claim for malicious prosecution survived the June 2 Order.  The June 2 Order states that all claims are dismissed against all defendants, except for three claims, including the claim "that the City . . . falsely arrested the plaintiff."  In any event, "[t]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York."  Manganiello v. City of New York, 612 F.3d 149, 161-62 (2d Cir. 2010) (citation omitted).  Assuming without deciding that the claim for malicious prosecution was not disposed of by the June 2 Order, the existence of probable cause similarly defeats any claim for malicious prosecution.

**CONCLUSION**

The defendants' November 1 motion for summary judgment is granted.  The Clerk of Court shall enter judgment for the defendants and close this case.


Dated:     New York, New York
           April 20, 2015

                                   _____
                                   DENISE COTE
                            United States District Judge